IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIFTY HOME PRODUCTS, INC.,

       Plaintiff,                        22cv0994
                                          ELECTRONICALLY FILED

       v.

LADYNANA US, ET AL.,

       Defendants.

**Memorandum Order denying Motion to Vacate the Clerk's Entry of Default (doc. 63) and Order Granting Amended Final Default Judgment and Permanent Injunction (doc. 80)**

**I.**       **Introduction**

This is an action for willful copyright infringement under federal copyright law, and injunctive relief under the All Writs Act,[1] the latest in a series of related cases before this Court, against numerous Defendants, the vast majority of which are Chinese corporations, who have been found by this Court to have engaged in counterfeiting of the "BACON BIN" kitchen product for storing and disposing of bacon grease. The BACON BIN was trademarked by original Plaintiff, Talisman Designs, LLC in related cases, and the brand family of Talisman Designs was acquired by current Plaintiff, Nifty Home Products, Inc. Doc. 1. (See also, related cases, 20-cv-1084, 21-cv-121, and 21-cv-777). The uncontroverted factual allegations of this case (and related litigation) reveal that numerous Defendants willfully infringed and sold "knock-off" products on internet-based marketplaces, AliExpress.com, Amazon.com, eBay.com, Walmart.com and Wish.com, among others, targeting consumers nationwide, including within the Western District of Pennsylvania, in violation of federal copyright (and trademark) laws.

---

[1] 17 U.S. C. Section 501 *et. seq.*, and 28 U.S.C. Section 1651.

1

Plaintiff has alleged and proven, through uncontroverted requests for admissions, that Defendants *each* profited in excess of $2 million from their infringements, which moving Defendants now belatedly dispute, as alleged justification to support the reopening of the default and default judgment in this case.

Currently pending before this Court is moving Defendants' Motion to Vacate (doc. 87) the Clerk's Entry of Default (at doc. 63) and Order Granting Amended Final Default Judgment and Permanent Injunction (at doc. 80), and Plaintiff's Response in Opposition (doc. 92). After careful consideration, the Court declines to lift the default or default judgment under Fed. R. Civ. Pr. 55 and 60.

II.  **Procedural History**

On July 7, 2022, Plaintiff filed its Application for a Temporary Restraining Order against Defendants, including Defendants in Appendix "A". On July 13, 2022, the Court entered a sealed Order granting the Temporary Restraining Order setting a Hearing to Show Cause Why a Preliminary Injunction Should Not Issue (doc. 16) ("TRO") and Order granting Plaintiff's motion for alternative electronic service. Doc. 15. ("Alternative Service Order"). On July 15, 2022, the Temporary Restraining Order was extended and the Show Cause Hearing was rescheduled. Doc. 22.

Pursuant to this Court's Orders, Plaintiff served all Defendants subject to the Alternative Service Order, including Defendants in Appendix "A," with their respective Summons and a copy of the Complaint via electronic mail ("e-mail") and by posting copies of the same on the ferencelawsuit.com website. Doc. 54 (See Summons/Return of Service). On October 12, 2022, Plaintiff requested the Clerk of Court to enter default against moving Defendants in Appendix "A". Doc. 61. According to the Affidavit of Plaintiff's counsel, he provided notice of this

2

default to moving Defendants, and on October 13, 2022, the Clerk entered Default against moving Defendants.  Doc. 63.

Counsel for moving Defendants then filed a Motion for *pro hac vice* appearance on October 28, 2022, and the Court granted her motion for appearance that same day. Doc. 71.  On September 30, 2022, and October 19, 2022, Plaintiff filed its Motion for Entry of Final Default Judgment and Permanent Injunction against Defendants, listed in Appendix "A", but excluding moving Defendants.  Doc. 55 and Doc. 64.   On October 20, 2022, the Court entered an Order granting Final Judgment and Permanent Injunction against Defendants, excluding moving Defendants. Doc. 69.

According to the uncontradicted Declaration of Plaintiff's counsel, Plaintiff's counsel subsequently agreed not to seek entry of default judgment against moving Defendants for a thirty (30) day period through November 21, 2022.  Malkin Dec., ¶11. During this period, Plaintiff sent proposed settlement agreements to counsel for two of the movants, and movant's counsel also requested a further extension of time for which movant's counsel committed to preparing "draft motions" for review by Plaintiff's counsel.  Malkin Dec., ¶ 12.

Instead, three (3) weeks after the expiration of the period in which Plaintiff's counsel agreed not to seek entry of default judgment against movant Defendants, six (6) weeks after moving Defendants' counsel promised to forward "draft motions" for a further extension -- and moving Defendants' counsel not having provided the "draft motions" nor returned signed copies of the two proposed settlement agreements -- Plaintiff moved to the amend the previously entered default judgment against other Defendants to include moving Defendants.  Malkin Dec. ¶¶ 5 – 6, 13.

On December 12, 2022, more than two months after the Clerk entered default against moving Defendants and almost 2 months after counsel for moving Defendants entered an appearance, Plaintiff moved this Court by Motion to Amend the Final Default Judgment and Permanent Injunction to include moving Defendants in Appendix "A". Doc.78. The Court granted said Motion on December 12, 2022, and another 18 days passed between the entry of default judgment and the instant Motion seeking to vacate default, and default judgment by moving Defendants (filed on December 30, 2022). Doc. 87.

### III. Discussion

The pertinent question now before this Court is the legal propriety of lifting the Clerk's entry of default and the default judgment under Fed. R. Civ. Pr. 55 and 60, against moving Defendants, a subset of numerous defaulting Defendants,[2] where counsel for moving Defendants now claims that the parties were actively involved in settlement negotiations, and that the Court and/or Plaintiff failed to give proper notice and/or to conduct a required hearing on damages before entering the Order on default judgment.

### A. **Fed. R. Civ. Pr. 55 Requires a Showing of "Good Cause"**

Pursuant to Fed. R. Civ. P. 55(c), a default may be lifted upon a showing of "good cause." There are four (4) factors to determine if good cause has been shown to set aside the entry of Default by the Clerk. These factors are: (1) prejudice to the plaintiff; (2) whether defendant has a prima facie meritorious defense; (3) whether defaulting defendant's conduct is

---

[2] Moving Defendants are: (25) Shenzhen Ruimiaoqian Network Technology Co., Ltd., (26) Qingtian Diaocheng Trading Co., Ltd., (28) Ding/Shenzhen Dingkunhui Network Technology, (29) shenzhenshimeihuidawangluokejiyouxiangongsi, (30) XiaMen Shi AiDeMan XinXiKeJi YouXian GongSi, (31) Shenzhen Xiaoyanzifei Network Technology Co., Ltd., (32) Shanghai Leiyuan Energy Technology Co., Ltd., (34) Shenzhen Rongxiner Network Technology Co., Ltd., (37) Shenzhen Linglangxi Network Technology Co., Ltd., (52) Shenzhen Weitian Industrial Co., Ltd., and (54) Shenzhen Dali Industry Co., Ltd. (collectively, "movants").

excusable or culpable; and (4) effectiveness of alternative sanctions. *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120 (3d Cir. 1983). The second factor - - whether the defendant has a meritorious defense - - is considered a threshold question. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984).

      Setting aside for a moment the threshold question of whether moving Defendants have or can submit a prima facie meritorious defense (factor two), the Court highlights the following facts which demonstrate the culpability of moving Defendants under factor three: (1) *pro hac vice* defense counsel had entered an appearance approximately two months earlier in the litigation but had not answered or otherwise plead despite having a default entered against moving Defendants on October 13, 2022. Instead, moving Defendants filed the instant Motion nearly three (3) weeks after default judgment against them was entered, two and a half months (2.5) months after the Clerk's entry of default, two months (2) after an appearance was entered on Defendants' behalf by *pro hac vice* counsel, and 29 days after local counsel entered an appearance.

      Despite all of the above, moving Defendants now contend that counsel was actively involved in settlement negotiations with Plaintiff's counsel, that Plaintiff's counsel intentionally misrepresented that settlement negotiations had gone silent, that notice of the default judgment was lacking, all of which demonstrate good cause (and misrepresentations) to lift the default and default judgment against the moving Defendants.

      The Court recognizes that the entry of default is generally disfavored. *Farnese v. Bagnaso,* 687 F.2d 761, 764 (3d Cir. 1982). However, after applying the four-factor test to determine whether good cause exists to lift the default, this Court finds that factors two and three heavily way against a finding of good cause. This Court concludes that prejudice to Plaintiff,

and the effectiveness of alternative sanctions (factors one and four), are essentially neutral, the conduct of moving Defendants convinces this Court that its conduct was purposefully dilatory. As Plaintiff's counsel declares, and this Court finds from the documentation in this case, moving Defendants had gone "radio silent" – letting an extension expire, not forwarding promised "draft motions" for a further extension, and not returning or commenting on proposed settlement agreements.  Thus, it was more than appropriate in light of these inactions for Plaintiff to seek default judgment, and for this Court to grant said Motion without the need for a hearing.

Moreover, the overarching threshold question (factor two) of whether moving Defendants have presented or can present a prima facie defense, goes against them.  There is futility in setting aside a default here because Defendants have failed to present a defense on the merits.  A meritorious defense is one which, "if established at trial, would completely bar plaintiffs' recovery." *Momah v. Albert Einstein Medical Center,* 161 F.R.D. 304 (E.D. Pa. 1995) (*citing Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993)).  In order to satisfy this factor, Defendants' answer and pleadings must contain specific facts that would allow them to advance a complete defense. *Id.* (*citing United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–96 (3d Cir.1984)); *Accu–Weather, Inc. v. Reuters, Ltd.,* 779 F. Supp. 801, 803 (M.D.Pa.1991).

Instead of presenting a prima facie defense, movants generally attack the method of calculation of default judgment damages, but do not set forth any support for its position, other than to state that "an accounting" is in order.  It would be futile to set aside a default to afford a movant an additional opportunity to present a meritless defense.  That is the case before the Court in the instant matter as a finding of good cause would require Defendants to raise specific facts beyond a general denial so that the Court has some basis for determining whether moving Defendants can make out a complete defense. *Id.* citing *$55,518.05 in U.S. Currency*, 728 F.2d at

6

195. Here, moving Defendants have proffered no defense on the merits of this lawsuit and given the willfulness of the accepted factual claims, the Court sees no viable merit-based defense.

Instead, moving Defendant's solely address the damages calculations based upon unanswered requests for admissions served with the Complaint and allegations in the Complaint, which is, as Plaintiff emphasizes in the following case law citations, a wholly supported method of calculating damages here in the Western District of Pennsylvania. *See, e.g., Pike Brands LLC v. Teegem*, 22-cv-171 (December 5, 2022)(Colville, J); *Broadway Pine Brands LLC v. Cococity*, No. 22-cv-510 (November 30, 2022)(Ranjan, J); *Broadway Pine Brands LLC v. Mustb Toy Store*, 21-cv-1665 (November 30, 2022)(Ranjan, J.); and *Broadway Pine Brands LLC v. Amtoy*, 22-cv-358 (November 30, 2022)(Ranjan, J.); *Aquapaw LLC v. Allnice*, 20-cv-1954 (W.D. Pa., July 29, 2022)(Wiegand, J.); *Aquapaw Brands LLC v. Flopet*, 21-cv-988 (W.D. Pa., July 29, 2022)(Wiegand, J); *Aquapaw Brands LLC v. TikToks*, 21-cv-696 (W.D. Pa., August 2, 2022)(Wiegand, J); *Doggie Dental, Inc. v AVANTDIGITAL*, 21-cv-271 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v CDOFFICE,* No. 21-cv-565 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v Ahui, et al.*, 19-cv-1627 (W.D. Pa., Sept. 27, 2021 (Hornak, CJ); *See Doggie Dental v. Anywill*, 19-cv-682 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-cv-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-cv-1282 (W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-cv-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ). *See Airigan Solutions, LLC v. Belvia*, 20- cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.) ($2 million in damages against each defendant)(Doc. 34); *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.) (same) (Doc. 52), *Rapid Slicer LLC v. Art-House*, 19-cv-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.) (same) (Doc. 44).

Having had occasion to previously consider a similar question albeit only in the context of default and not default judgment, in the related case of *Talisman Designs, LLC v. Dasani, et al.* 20-cv-1084 (at doc. 58), this Court applied the applicable four factor test under Fed. R. Civ. Pr. 55, to determine whether good cause existed to lift the Clerk's entry of default against a similar set of defaulting Defendants.  In that case, this Court found that Defendants' argument that personal jurisdiction was lacking and that the "first sale doctrine," did not apply because the offending products were not genuine and therefore, did not present merit-based prima facie defenses.  This Court found that good cause was not shown to lift the default in that case, solely on the basis of the futility of allowing Defendants to proceed with meritless defenses.  Likewise, in the present case, this Court finds that moving Defendants submit meritless defenses on the damages, and further, that moving Defendants' conduct was dilatory.

B. **Fed. R. Civ. Pr. 60 Requires Clear Evidence of Misrepresentation or Fraud**

The Court next considers whether moving Defendants have demonstrated that Fed. R. Civ. Pr. 60 supports its request to consider the damages or otherwise open the default judgment and/or the permanent injunction in this case. To establish a motion to set aside a default judgment under Fed.R.Civ.Pr. 60(b)(1) (like Rule 55), a moving party must demonstrate (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Laurel Mgmt. Grp. v. White Sheep Corp.,* 2:18cv1000 at *11-13 (W.D. Pa. Mar. 30, 2021) (applying Emasco factors).  Again, moving Defendants fail to satisfy at least factors two and three under Emasco.

Rule 60(b)(3) allows a district court to grant relief from a final judgment, order, or proceeding where there is fraud, misrepresentation, or misconduct by an opposing party. The moving party must show that the opposing party "engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case*.*" *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Moss v. Potter,* 06-cv-1498, at *5 (W.D. Pa. June 14, 2006) (Schwab, J.) (citing *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted)); see also 11 Charles A. Wright, Arthur R. Miller Mary K. Kane, Federal Practice and Procedure Civil 2d § 2860 (1995).

Simply put, there is no evidence of misrepresentation or other fraudulent misconduct (including under Rule 60(d)(3)) by Plaintiff or its counsel in this case. At most, the parties had a difference of opinions on the state of settlement negotiations, but given that two weeks had passed, this Court agrees with Plaintiff that settlement options had gone cold. There is no credible evidence that Plaintiff or its counsel committed fraud on the Court, or otherwise attempted to deceive any Defendant in this case, or in any of the other three (3) related cases over which this Court has presided. Moving Defendants had more than enough time to defend this case if they wished to do so, and Plaintiff was well within its rights to bring this matter to a conclusion when it did. Therefore, there is no basis to grant moving Defendant's Motion under Rule 60.

### IV. <u>Conclusion</u>

In conclusion, this Court echoes the summary of Plaintiff in its Responsive Brief. Doc. 92. This Court is not required by the facts or law of the case to vacate the default judgment entered against the Movants because: (1) moving Defendants were provided with proper and

9

legally sufficient notice; (2) the Court properly amended the final judgment to include the non-settling moving Defendants after Plaintiff filed its motion; (3) moving Defendants did not settle with the Plaintiff before the default judgment was entered; (4) setting aside the default would be futile; (5) damages were properly based on Requests for Admissions served with the Complaint; and, (6) the entry of the default judgment is based upon the moving Defendants' culpable conduct.  For all of these reasons, after careful consideration of Defendants' Motion and Plaintiff's Response in Opposition, under Fed. R. Civ. Pr. 55 and 60, there is no "good cause" to lift the default and default judgment and/or permanent injunction, nor is there any evidence of misrepresentation or fraud by Plaintiff that would justify the relief moving Defendants' request.  Defendants' Motion to Vacate ([doc. 87](doc. 87)) is therefore DENIED.

SO ORDERED, this 24th day of January, 2023.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record