IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIFTY HOME PRODUCTS, INC.,

        Plaintiff,                           22cv0994
                                                ELECTRONICALLY FILED

               v.

LADYNANA US, ET AL.,

        Defendants.

**Memorandum Order denying Motion to Vacate the Clerk's Entry of Default, Default Judgment, and the Permanent Injunction (Doc. 105) and denying as moot Motion to Stay Briefing and to Conduct Jursdictional Discovery (Doc. 110)**

## I.    Introduction

This is an action for willful copyright infringement under federal copyright law, and injunctive relief under the All Writs Act,[1] one of a series of related cases before this Court, against numerous Defendants, the vast majority of which are Chinese corporations, who have been found by this Court to have engaged in counterfeiting of the "BACON BIN" kitchen product for storing and disposing of bacon grease.   The BACON BIN was trademarked by original Plaintiff, Talisman Designs, LLC in related cases, and the brand family of Talisman Designs was acquired by current Plaintiff, Nifty Home Products, Inc.  Doc. 1. (See also, related cases, 20-cv-1084, 21-cv-121, 21-cv-777 and a newly filed, temporarily sealed "related case"). The uncontroverted factual allegations of this case (and related litigation) reveal that numerous Defendants willfully infringed and sold "knock-off" products on internet-based marketplaces, AliExpress.com, Amazon.com, eBay.com, Walmart.com and Wish.com, among others, targeting consumers nationwide, including within the Western District of Pennsylvania, in violation of

---

[1] 17 U.S. C. Section 501 *et. seq*., and 28 U.S.C. Section 1651.

federal copyright (and trademark) laws.  A Permanent Injunction, Default, and Default Judgment have been entered against Moving Defendants (as further outlined in the Procedural History (Section II) of this Memorandum Order).[2]

Currently pending is a Motion to Vacate Default and Default Judgment and to Void the Permanent Injunction (Doc. 105), filed by a total of 21 Defendants, broken down by Defendants moving papers, into two groups:  Group 1 are Peysaitr, Ineticiam, Mafanikio, Brandslc, Brottfor, Rykwurde and Gyuunyuu ("Group 1"), who are purportedly United States-based Defendants; and, Group 2 are Merzam, Peantoia, Quintina, Vadunsuz, Blirik, Fortioo, Comdar, Heopbird, Miruku, Yszodd, Nafxzy, Xmastr, Smileol, and Donewelo ("Group 2") (Doc. 105), who are China-based Defendants.[3] Additionally, before this Court is Plaintiff's Motion to Stay the Briefing Schedule in this matter, and to Conduct Jurisdictional Discovery.  Doc. 110.

For the reasons set forth in this Memorandum Order, the Court declines to vacate/lift the Default/Default Judgment or Void the Permanent Injunction, under Fed. R. Civ. Pr. 55 and 60. Defendants' Motion to Vacate Default, Default Judgment and Void the Permanent Injunction will be DENIED, and Plaintiff's Motion to Stay and for Jurisdictional Discovery will be DENIED AS MOOT.  Doc. 105; Doc. 110.

## II.    Procedural History and Declarations

On July 7, 2022, Plaintiff filed its Complaint, Application for a Temporary Restraining Order against Defendants, including Defendants in Appendix "A," and a Motion for Alternate

---

[2] The Court notes that another group of Defendants previously filed a similar Motion to Vacate the Default/Default Judgment/Preliminary Injunction, which will be discussed and incorporated hereinbelow, and this Court denied the prior Motion by Memorandum Order.  Doc. 93

[3] While Plaintiff and Moving Defendants utilize the "nomenclature" of Group 1 and Group 2, Plaintiff submits that "it has good reason to believe that the Group 1 Defendants are not actually based in the U.S," Doc. 114 and it is upon this basis that Plaintiff seeks jurisdictional discovery.

Service, pursuant to Fed. R. Civ. P. 4(f)(3).  Doc. 2; Doc. 4; Doc. 10.  In the Complaint, Plaintiff

noted that a few of Moving Defendants, including those in Group 1, self-reported in their online

Storefront that they are based in the United States.  Doc. 2 at p. 14. n. 2.

On July 13, 2022, the Court entered a sealed Order granting the Temporary Restraining

Order, also setting a Hearing to Show Cause Why a Preliminary Injunction Should Not Issue

(Doc. 16) ("TRO"), and entered an Order granting Plaintiff's Motion for Alternative Electronic

Service.  Doc. 15. ("Alternative Service Order").  Moving Defendants were then served with the

Summons, Complaint. Requests for Admissions and TRO in accordance with the Alternative

Service Order.  On July 15, 2022, the Temporary Restraining Order was extended, and the Show

Cause Hearing was rescheduled for September 27, 2022.  Doc. 22.  On September 27, 2022, the

Court conducted a show cause hearing by videoconference, at which no Defendant appeared.

Thereafter, the Court entered the Preliminary Injunction and Administratively Closed the Case.

Doc. 56.

**Declarations Relative to Service**

According to the Third Declaration of Plaintiff's Counsel, filed in response to Moving

Defendants' Motion, on September 1, 2022, Plaintiff's counsel received correspondence from

XinLvLian, who identified as counsel for a single client who owned 20 stores (each of the

Moving Defendants except for Miruku).  Doc. 114-1 at paragraph 10. Subsequent

correspondence from XinLvLian indicated the single client also owned Defendant Miruku. Id.

Each of the Moving Defendants was represented by counsel, who attempted to negotiate a

settlement with Plaintiff.

Plaintiff served all the Defendants, including the purported United States-based Group 1

Moving Defendants, with the Summons and Complaint by electronic mail ("e-mail"), and by

posting copies on ferencelawsuit.com website.  Doc. 54 (See Summons/Return of Service).

Additionally, according to the original Declaration of Plaintiff's counsel, Brian Malkin (dated

September 28, 2022, at Doc. 52-2, and as supplemented by a Third Declaration at Doc.114-1),

for the purported United States-based Group 1 Moving Defendants, Plaintiff attempted to serve

them by certified mail at their respectively reported United States addresses.

      Plaintiff's counsel further declares in his Third Declaration that for BROTTFOR,

INETCIAM, MAFANIKIO, and PEYSAITR, the mail came back as undeliverable.  Doc. 114-1

through 3.   Plaintiff's counsel also declares that the mail for Defendants BRANDSLC and

RYKWURDE was delivered but investigation revealed that the addresses provided by these two

Defendants to Walmart matched United States businesses that did not sell on the Walmart

storefronts operated by Moving Defendants.  See Doc. 114-1 at paragraph 6; Doc. 114-4

(fraudulent use of mailing address and company name by Defendant RYKWURDE); and, Doc.

114-10, the Declaration of Thomas Kelly (declaring fraudulent use of company name and

address by Defendant BRANDSLC).[4]   Therefore, only one of the Group 1 Defendants provided

---

[4] Moving Defendants also provide numerous Declarations, but not one is executed by a United
States based storefront or United States-based individual.  Doc. 105-1 through 23.  Plaintiff
submits that consistent with fraudulently holding itself out as a U.S.-based business, each of the
purported U.S.-based defendants submits a Declaration in the present motion executed by a
China-based "manager" of the purported U.S.-based store – no Declaration by a U.S.-based
individual has been submitted.  The only declaration by a United States-based individual is
submitted herewith by Plaintiff and is the Declaration of Thomas Kelly, who is the owner of the
business operated at 8 Willow Bend, Poughkeepsie, NY 12601, which is the address provided by
the Walmart (the online marketplace) for Defendant BRANDSLC.  Mr. Kelly's Declaration
states his company does not operate the BRANDSLC store, even though his company and his
company's address appear in the records of Walmart.  This contrasts with the Declaration of
Tang Qian (Doc. 105-4), which although he is based in Shenzhen, China, states he is the operator
of Walmart store Brandslc, whose address is 8 Willow Bend, Poughkeepsie, NY 12601.
Plaintiff, through the Third Declaration of Plaintiff's Counsel, also submits a Declaration Letter
of Terry Dillinger, the owner of the business operated at the address in Walmart's records for
defendant RYKWURDE, does not operate the RYKWURDE store, and that it fraudulently used
"Fishbites Trading Post, LLC."  Doc. 114-4.

deliverable United States mailing addresses, which was similar to the Defendants in Dasani, who provided false United States addresses). Under these conditions, the Court appropriately ordered alternative electronic service for the remainder of the Group 1 Defendants.

In light of the above facts relative to alternative service, which were known to Plaintiff's counsel, on September 28, 2022, Plaintiff moved to amend the Order authorizing alternative service and deem service accomplished (via the past electronic service) on the Group 1 Defendants. Doc. 52. The Court granted Plaintiff's Motion (based upon the original Declaration of Plaintiff's Counsel at Doc. 52-2) and entered the Amended Alternative Service Order to include the Group 1 Defendants. Doc. 53. On September 29, 2022, Plaintiff filed its Summons/Return of Service executed indicating that Defendants were all served pursuant to this Court's Orders. Doc. 54. Again, the service by Plaintiff was in addition to the notifications sent by the online marketplaces to their customers about this lawsuit.

### Clerk of Court Issues Default, Court Orders Default Judgment, and Permanent Injunction and Months Later, Moving Defendants Attack Judgment

On September 30, 2022, Plaintiff requested the Clerk of Court to enter Default against Moving Defendants in Appendix "A," and provided a Second Declaration of Plaintiff's Counsel. Doc. 55-3.[5] On October 3, 2022, the Clerk entered Default against Moving Defendants. Doc. 57.

---

[5] The Third Declaration of Plaintiff's counsel states that settlement negotiations were not successful. Doc. 114-1. Counsel for each of the Moving Defendants was provided the link the website where copies of the filings were available. Counsel for each of the Moving Defendants was also notified when the Clerk entered Default, when the Motion for Default Judgment was both requested, and entered. Id

On October 19, 2022, Plaintiff moved for Default Judgment and a Permanent Injunction against Moving Defendants.  Doc. 64.  On October 20, 2022, this Court granted Plaintiff's Motion for Default Judgment and entered a Permanent Injunction against the Moving Defendants.  Doc. 69.

Just over five (5) months after the Default Judgment and many months after failed settlement negotiations, on March 28, 2023, Moving Defendants – through new counsel who entered his appearance weeks earlier – filed the Instant Motion seeking to Vacate the Default, Default Judgment and Permanent Injunction.[6]  Doc. 105.  Plaintiff filed its Response in Opposition to the Motion on April 21, 2023 (after also filing the pending Motion to Stay and to Conduct Discovery, upon which, the Court deferred a ruling).  Doc. 112;  Doc. 114.  This matter is ripe for disposition.

### III.   <u>Discussion</u>

The pertinent question now before this Court is the legal propriety of lifting the Clerk's entry of Default and the Default Judgment under Fed. R. Civ. Pr. 55 and 60, against the Moving Defendants.  Moving Defendants now claim in their 35-page Motion,[7] *inter alia*, that "good cause exists to vacate the default judgment and if not dismiss Defendants, allow the case against them to proceed on the merits," and that their neglect did not prejudice Plaintiff and was therefore, "excusable."  Doc. 105.

_____

[6] The Court notes that this is the second group of Defendants in this lawsuit who have Motioned to Vacate the Default Judgment. The first Motion to Vacate was denied by this Court on January 24, 2023.  Doc. 93.

[7] This Court granted Moving Defendants' and Plaintiff's Motions for Leave to file excess pages (Doc.111; Doc.115), granted Defendants' Motion to Extend time for filing Answer to May 12, 2023, granted Plaintiff's Motion to Extend Response (Doc. 109); and deferred a ruling on Plaintiff's pending Motion to Stay and for Discovery (Doc. 112), as well as its Motion to Extend time for filing an Answer to May 12, 2023.  Doc. 109.

Moving Defendants argue that this Court should exercise its discretion to lift the Default/Default Judgment because this Court: (1) lacked personal jurisdiction over them under pertinent binding case law; (2)  improperly granted the Alternate Service of Process, claiming that email service is impermissible for United States-based Defendants, and in contravention of the Hague Service Convention for foreign Defendants; (3) improperly ordered $2,000,000.00 in damages for copyright infringement; and, (4) erred in entering the Default Judgment damages because at a minimum bears no relationship to Moving Defendants' actual sales activity.

Alternatively, Moving Defendants contend that the Default Judgment is void because jurisdiction is absent, and under Fed. R. Civ. P. 60(b)(4), "the law is settled that a court lacks discretion under clause (4): if jurisdiction if absent, the court must vacate the judgment as void." *Newell v. Salta Int'l Inc.,* 2009 WL 2920265 at *3 (E.D. Pa. Sept. 10, 2009); *Lundberg v. One Three Five, Inc.,* 2021 1224507 at * 2 (W.D. Pa. April 1, 2021). Doc. 105 at p. 7.

Plaintiff counters, and this Court agrees, that Plaintiff has demonstrated: (1) the Court has personal jurisdiction over all the Moving Defendants; (2) the Court did not error in permitting service by e-mail under these circumstances; (3) Moving Defendants have presented no meritorious defenses, including on damages; and, (4) Moving Defendants have engaged in culpable conduct, rather than excusable neglect.

The facts and arguments presented by the Moving Defendants are almost identical to the facts and arguments in the related case of *Talisman Designs, LLC v. Dasani, et al*., No. 20-cv-1084, slip op., p. 2 (W.D. Pa. Oct. 13, 2020), where this Court denied a similar Motion to Vacate and bears similarity to the Court's prior Memorandum Order in this case.  Doc. 93.  The Court hereby incorporates and adopt the analysis of those prior Memorandum Orders.

A.  __Fed. R. Civ. Pr. 55 Requires a Showing of "Good Cause"__

Pursuant to Fed. R. Civ. P. 55(c), a default may be lifted upon a showing of "good cause."  There are four (4) factors to determine if good cause has been shown to set aside the entry of Default by the Clerk. Those factors are: (1) prejudice to the plaintiff; (2) whether defendant has a prima facie meritorious defense; (3) whether defaulting defendant's conduct is excusable or culpable; and (4) effectiveness of alternative sanctions. *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120 (3d Cir. 1983). The second factor - - whether the defendant has a meritorious defense - - is considered a threshold question. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984).

Setting aside for a moment the threshold question of whether moving Defendants have or can submit a prima facie meritorious defense (factor two), the Court highlights the following facts which demonstrate the culpability of Moving Defendants under factor three of Fed. R. Civ. Pr. 55(c) (and the corresponding factors under Fed. R. Civ. Pr. 60(f)):

(1)  Moving Defendants were all served with the Complaint and Summons between July 26, 2022 and August 23, 2022.  Doc. 54.

(2)  As set forth by Plaintiff's counsel in his uncontradicted Third Declaration, he was then contacted by counsel from China that represented Moving Defendants (XinLvLian Lawfirm), who opened settlement negotiations, and accepted the following filings by email: Preliminary Injunction Order, Request for Entry of Default, Clerk's Entry of Default, Motion for Default Judgment and Permanent Injunction, and Default Judgment and Permanent Injunction.  Doc. 114-1 at paragraph 10.

8

(3) Plaintiff's counsel's Third Declaration explains that at no time did the XinLvLian LawFirm request any extensions or file any papers with the Court. Doc. 114-1 at paragraph 11.

(4) Moving Defendants all acknowledge that they did not act on any of the papers that were served them upon through their counsel until "around November 17, 2022." Doc. 105-2; Doc. 105-23 at paragraph 9.

(5) Moving Defendants contend that they "retained a second China-based counsel to conduct settlement negotiations." Id.

(6) On March 6, 2023, however, the present counsel entered his appearance on behalf of Moving Defendants.

(7) The instant Motion was filed on March 28, 2023, approximately 7 months after the Moving Defendants were served with process, and 5 months[8] after Default Judgment was entered, and yet failed to act on no less than 5 other service emails.

Doc. 114; Doc. 114-1.

The Court recognizes that the entry of default is generally disfavored. *Farnese v. Bagnaso,* 687 F.2d 761, 764 (3d Cir. 1982). However, after applying the four-factor test to determine whether good cause exists to lift the default, this Court finds that factors two and three heavily way against a finding of good cause. This Court concludes that prejudice to Plaintiff, and the effectiveness of alternative sanctions (factors one and four), are somewhat neutral.

---

[8] In Moving Defendants' Motion to Vacate, in an effort to show lack of prejudice and excusable neglect under Fed. R. Civ. Pr. 60(f), they incorrectly and continually claim that it has been "roughly four months" since Default Judgment was entered. Doc. 105. Default Judgment was entered on October 20, 2022, and the Motion was filed on March 28, 2023, which is 159 days later (approximately 5 months and 1 week). To be clear, the Court has found that prejudice is relatively neutral, but the Court does not agree that the neglect was excusable under Fed. R. Civ. Pr. 55 or Rule 60(f), as addressed within.

However, the conduct of Moving Defendants convinces this Court that its conduct was purposefully dilatory.  Thus, it was more than appropriate in light of these inactions for Plaintiff to seek Default Judgment, and for this Court to grant said Motion.

Moreover, the overarching threshold question (factor two) of whether Moving Defendants have presented or can present a prima facie defense, goes against them.  There is futility in setting aside a default here because Defendants have failed to present a defense on the merits.

A meritorious defense is one which, "if established at trial, would completely bar plaintiffs' recovery." *Momah v. Albert Einstein Medical Center,* 161 F.R.D. 304 (E.D. Pa. 1995) (*citing Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993)).  In order to satisfy this factor, Defendants' answer and pleadings must contain specific facts that would allow them to advance a complete defense. *Id.* (*citing United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–96 (3d Cir.1984)); *Accu–Weather, Inc. v. Reuters, Ltd.,* 779 F. Supp. 801, 803 (M.D.Pa.1991).

While there is no Answer or Pleading filed by Moving Defendants, the Instant Motion itself demonstrates easily that Moving Defendants have not presented a prima facie defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195.  Here, Moving Defendants have not proffered or presented a valid defense on the merits of this lawsuit, and given the willfulness of the accepted factual claims, the Court sees no viable merit-based defense on damages, or a procedural defense on jurisdictional grounds or alternative service of process.

**Personal Jurisdiction Is Not Lacking**

At the outset, this Court recognizes that while the United States Court of Appeals for the Third Circuit has not yet considered specific jurisdiction arguments in the context of an online infringement case, the United States Court of Appeals for the Seventh Circuit did so in August of

2022.  In that case, the Court of Appeals for the Seventh Circuit affirmed the District Court's conclusion that it properly maintained specific jurisdiction over a non-resident Defendant, finding that by offering and shipping its product (even on a "test buy") it availed itself of the Illinois market in offering and shipping a product to the forum."  *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 627 (7th Cir. 2021), *cert den.* 143 S. Ct. 577 (Mem), 214 L. Ed. 2d 341 (2023).

Similarly, in the related case of *Dasani,* No. 20-cv-1084, slip op., p. 2 (W.D. Pa. Oct. 13, 2020), this Court denied a Motion to Vacate the Clerk's entry of Default, *inter alia*, based on lack of personal jurisdiction and improper e-mail service and identified the three-part test to determine personal jurisdiction as set forth in *Budget Blinds, Inc. v. White*, 536 F. 3d 244 (3d Cir. 2008).  To wit: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum related activities; and, (3) exercise of jurisdiction must be reasonable.  *Id.* (citing *White*).

In *Dasani*, as well as recent caselaw from the United States Court of Appeals for the Seventh Circuit, this Court has previously held that commerce over the internet supports the Court's personal jurisdiction over a China-based infringer even with no presence in the United States. *Id.* (citing *Curry v. Revolution Labs, LLC*, 949 F. 3d 385, 399 (7th Cir. 2020)); *HANWJH*, 46 F.4th 614 (7th Cir. 2021).  Here, like *Dasani*, the uncontroverted evidence demonstrates that each of the Moving Defendants purposefully offered for sale, collected and

paid sales tax,[9] through online payment processing, and sold and shipped their infringing products to United States residents, including Pennsylvania residents.

Accordingly, this Court maintains personal jurisdiction over the Group 2 Defendants. *Id*. (citing *Plixer Int'l v. Scrutinizer GmbH*, 905 F. 3d 1, 5 (1st Cir. 2018)).   Moving Defendants used the Walmart.com online platform to conduct their illegal businesses. Doc. 12; Doc. 110-10. Moving Defendants contention that only making one sale into the Western District of Pennsylvania, is insufficient to destroy personal jurisdiction, is misplaced.   After all, as emphasized by Plaintiff, in Defense Counsel's own jurisdiction in Illinois, as noted above, the Seventh Circuit Court of Appeals has ruled that a "test buy" from an Amazon store into the judicial district is sufficient to confer personal jurisdiction on the Court. *See HANWJH* at 627.

This Court reiterates its words from *Dasani*, while citing the prior decisions of its colleagues in the Western District, that sellers on Amazon, Aliexpress, and eBay "may not avoid personal jurisdiction by this Court on the basis that the Great Wall of China renders the district court without jurisdiction to protect brand owners from counterfeit products like this." *Dasani*, p. 4 (citing Western District of Pennsylvania cases exercising jurisdiction over various on-line sellers).

This Court also repeats as it previously held in *Dasani,* that the Group 2 China-based Defendants are also subject to personal jurisdiction under Fed. C. Civ. Pr. 4(k)(2) if: (1) the claims are based in federal law; (2) no state court could exercise jurisdiction over the defendants (3) the exercise of jurisdiction is consistent with the laws of the United States, and (4) is also

---

[9] In Moving Defendants numerous Declarations, each Declarant states that the "store has never been liable to Pennsylvania tax jurisdiction."   Doc. 105-1 through Doc.105-23.  In fact, record documentary evidence shows that Moving Defendants collected Pennsylvania sales tax at all points of sale.  Doc. 110-8; Doc. 12-5.

consistent with the Constitution.  This provision has been applied to prevent foreign patent infringer Defendants whose contacts with any particular state were not sufficient, from escaping personal jurisdiction.  *Sythes v. GMReis*, 563 F.3d 1285 (Fed. Cir. 2009).

 For these reasons, all three parts of the test to maintain personal jurisdiction in this Court have been met as to the Moving Defendants, whether China-based or United States-based.

**Electronic Service Was Proper Under These Circumstances**

Moving Defendants (specifically at least two of the Group 1 Defendants) now posit perhaps falsely that that they cannot be served by email because they are United States-based businesses.  The Court need not resolve whether at least two of the Group 1 Defendants likely provided false contact information, once Plaintiff's efforts to serve Group 1 by certified mail at the addresses that the Group 1 Defendants claimed to be, were returned as not deliverable, whether either United States-based or China-based, this Court properly exercised its authority, upon Motion by Plaintiff, to order alternative service.

Federal Rule of Civil Procedure 4(e) addresses service within the United States and authorizes service by following the law of the state in which the court is located.  Pennsylvania law provides "[i]f service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. Pr. 430.  Service by email would also be sufficient if a Defendant is located in the United States.  *See Power Corp. of Canada v. Power Financia*l, No. 4:09-cv-0510, 2009 WL 982750 (M.D. Pa., April 13, 2009) (service by email is permitted under Pa. R. Civ. Pr. 430 when defendant uses online service that shields an owner's identity). Thus, e-mail service on the purported United States-based Group 1 Defendants is supported by caselaw and the Pennsylvania Rules of Civil Procedure, especially

where Plaintiff has presented facts to show that Moving Defendants provided fraudulent mailing addresses.

To the extent that Moving Defendant's argue that it is against the Hague Convention, to serve the Group 2 Defendants, this is more akin to a Motion to Reconsider and seeks this Court to overrule its prior decision that electronic service is permitted under the Hague Convention. *See Converse Inc. v. The P'Ships and Uninc. Asscns.* Identified on Schedule "A", Civil Action No. 21-4260 (N.D. Ill., April 7, 2022) (Seeger, J.); Doc. 114-10 at paragraph; Doc. 114-5 (motion to vacate the default denied because Court previously ruled that Alternative Service was permitted).

**The Findings on Damages Are Supported and Do Not Constitute a Valid Defense**

Plaintiff has alleged and proven, through uncontroverted requests for admissions, that Defendants each profited in excess of $2 million from their infringements, which Moving Defendants now belatedly dispute, as alleged justification to support the reopening of the default and default judgment in this case.  The Court has previously ruled in this action that a similar argument by other Defendants was not a basis to lift the Default or the Default Judgment.   Doc. 93.

Damages calculations based upon unanswered requests for admissions served with the Complaint and allegations in the Complaint, which is, as Plaintiff emphasizes in the following case law citations, is a wholly supported method of calculating damages here in the Western District of Pennsylvania. *See, e.g., Pike Brands LLC v. Teegem*, 22-cv-171 (December 5, 2022)(Colville, J); *Broadway Pine Brands LLC v. Cococity*, No. 22-cv-510 (November 30, 2022)(Ranjan, J); *Broadway Pine Brands LLC v. Mustb Toy Store*,  21-cv-1665 (November 30,

2022)(Ranjan, J.); and *Broadway Pine Brands LLC v. Amtoy*, 22-cv-358 (November 30, 2022)(Ranjan, J.); *Aquapaw LLC v. Allnice*, 20-cv-1954 (W.D. Pa., July 29, 2022)(Wiegand, J.); *Aquapaw Brands LLC v. Flopet*, 21-cv-988 (W.D. Pa., July 29, 2022)(Wiegand, J); *Aquapaw Brands LLC v. TikToks*, 21-cv-696 (W.D. Pa., August 2, 2022)(Wiegand, J); *Doggie Dental, Inc. v AVANTDIGITAL*, 21-cv-271 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v CDOFFICE,* No. 21-cv-565 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v Ahui, et al.*, 19-cv-1627 (W.D. Pa., Sept. 27, 2021 (Hornak, CJ); *See Doggie Dental v. Anywill*, 19-cv-682 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-cv-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-cv-1282 (W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-cv-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ). *See Airigan Solutions, LLC v. Belvia*, 20- cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.) ($2 million in damages against each defendant)(Doc. 34); *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.) (same) (Doc. 52), *Rapid Slicer LLC v. Art-House*, 19-cv-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.) (same) (Doc. 44).

Also, in the opening paragraph of Moving Defendants' Motion, they claim that this Court "made an error of law by ordering $2,000,000 in damages for copyright infringement which has a much lower cap on statutory damages under the Copyright Act," but that contention provides no further statutory or caselaw support or mention in the rest of the Motion.  Doc. 105 at p. 1. The Court will assume that Moving Defendants are referring to 17 U.S.C. Section 504(c).  This Court entered the Order for compensatory and punitive damages, on the basis of disgorgement of admitted (and uncontroverted) profits, which comports with 17 U.S.C. Section 504(a)(1) and (b) and the Court sees no error of law in this regard.

In summary, in the present case, this Court finds that Moving Defendants submit meritless defenses on personal jurisdiction, email service, and damages, and further, Moving Defendants' conduct was dilatory.  Setting aside the final judgment would be futile since the Moving Defendants have offered no meritorious defense.

## Fed. R. Civ. Pr. 60 Requires Clear Evidence of Misrepresentation or Fraud

The Court next considers whether Moving Defendants have demonstrated that Fed. R. Civ. Pr. 60 supports its request to reconsider the damages or otherwise open the Default Judgment and/or the Permanent Injunction in this case.

To prevail on a Motion to Vacate a Default Judgment under Fed.R.Civ.Pr. 60(b)(1) (like Rule 55), a moving party must demonstrate: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Laurel Mgmt. Grp. v. White Sheep Corp.,* 2:18cv1000 at *11-13 (W.D. Pa. Mar. 30, 2021) (applying *Emasco* factors). Again, Moving Defendants, just like the Moving Defendants in the prior Memorandum Order (Doc. 93), fail to satisfy at least factors two and three under *Emasco*.

Rule 60(b)(3) allows a district court to grant relief from a final judgment, order, or proceeding where there is fraud, misrepresentation, or misconduct by an opposing party.  The moving party must show that the opposing party "engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case*." Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).  "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing."  *Moss v.*

*Potter*, 06-cv-1498, at *5 (W.D. Pa. June 14, 2006) (Schwab, J.) (citing *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted)); see also 11 Charles A. Wright, Arthur R. Miller Mary K. Kane, Federal Practice and Procedure Civil 2d § 2860 (1995).

The record is devoid of any evidence of misrepresentation or other fraudulent misconduct (including under Rule 60(d)(3)) by Plaintiff or its counsel in this case.  There is no credible evidence that Plaintiff or its counsel committed fraud on the Court, or otherwise attempted to deceive any Defendant in this case, or in any of the other related numerous cases over which this Court has presided.  Moving Defendants had more than enough time to defend this case if they wished to do so, and Plaintiff was well within its rights to bring this matter to a conclusion when it did.  Therefore, there is no basis to grant Moving Defendants' Motion under Rule 60.

### IV.     Conclusion

Three of out the four arguments posed by Moving Defendants, in support of its Motion to Vacate, have been squarely rejected by Courts, including before the undersigned earlier in this litigation and in related cases, including *Dasani*.  First, Moving Defendants are subject to personal jurisdiction in Pennsylvania, by shipping infringing product into Pennsylvania and collecting Pennsylvania state sales tax on the purchase of the product.  Second, service of process via e-mail under these circumstances comports with Pennsylvania law and does not violate the Hague Convention.  Third, there is a no meritorious defense because of a disagreement with the calculation of damages.  The only novel argument raised by the (purported) United States-based Defendants is based upon a claim of improper service by email.  However, the Pennsylvania Rules of Civil Procedure permit service under these circumstances.  The Court will not reward what seems to be a continuing pattern of dilatory conduct of

Defendants in this and related cases.  Moving Defendants, like other Defendants in these related cases, have chosen not to participate until months after Defaults and Default Judgments are entered and cases are closed, and then seek to undo the whole case by filing serial Motions to Vacate.

For these reasons, Moving Defendants' Motion to Vacate is DENIED, and Plaintiff's Motion to Stay Briefing and to Conduct Jurisdictional Discovery is DENIED AS MOOT.  Doc. 105; Doc. 110.

SO ORDERED, this 5th day of May, 2023.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record