IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIFTY HOME PRODUCTS, INC.,

                           Plaintiff,

v.

LADYNANA US, *et al.*,

                          Defendants.

Civil Action No. 22-cv-994

(Judge Schwab)

**RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND PERMANENT INJUNCTION**

Nifty Home Products, Inc. ("Nifty") hereby renews its request for entry of default judgment and a permanent injunction as to the remaining 32 Defendants in this action (the "Defaulting Defendants") following the decision of the United States Court of Appeals for the Third Circuit to vacate the previous default judgments with respect to these Defaulting Defendants and remand for further proceedings.  The grounds for this motion are set forth in the accompanying memorandum in support. This renewed motion addresses and cures the deficiencies concerning notice and personal jurisdiction and includes additional evidence to establish liability, damages, and entitlement to the requested relief.

Nifty respectfully requests the following relief: 1) the entry of a final judgement of $600,000 in statutory damages against each individual Defaulting Defendant listed on Schedule "A"; 2) a permanent injunction preventing each Defaulting Defendant from infringing Nifty's intellectual property rights in the future; and 3) an order authorizing the release and transfer of each Defaulting Defendant's frozen assets to satisfy the damages awarded to Nifty.

Nifty does not believe it is necessary for the Court to hold a hearing on this motion; the Court may decide the motion on the papers.[1] Courts, including this Court, enter default judgments in similar cases based upon the papers and without holding a hearing. *See Osprey, LLC v. Alfie Pet*, No. 21-cv-790 [Doc. No. 43] (W.D. Pa. July 28, 2022) (default judgment entered without a hearing); *Osprey, LLC v. Alladinbox*, No. 21-cv-1095 (W.D. Pa. July 21, 2022) (same); *BBC Studios Distribution Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-1441 (N.D. Ill. July 20, 2022) (same); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (W.D. Pa. April 22, 2020) (same); *Apple Corps. Limited v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-62853 (S.D. Fla. Feb. 13, 2020) (same); and *Chanel, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-61416 (S.D. Fla. Aug. 12, 2019) (same).

A proposed Order granting the relief sought is submitted herewith.

Respectfully submitted,

Dated:  March 30, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff

---

[1] Nifty respectfully submits that there is no reason to conduct a hearing on its request for damages since all of the evidence needed for an award of damages is before the Court. Liability has been established by the Defaulting Defendants' deemed admissions of the allegations in the Complaint and Nifty's requests for admission, the Copyright Act explicitly authorizes this Court to award statutory damages to a sum of $150,000 per work infringed and each Defaulting Defendant infringes at least four works, thus removing any need for an evidentiary hearing.