IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIFTY HOME PRODUCTS, INC.,

      Plaintiff,

          v.

LADYNANA US, ET AL.,

      Defendants.

22cv0994
ELECTRONICALLY FILED

MEMORANDUM OPINION RE: RENEWED MOTION FOR DEFAULT JUDGMENT AND MOTION FOR PERMANENT INUNCTION, RENEWED MOTION TO DISMISS FOR LACK OF PROSECUTION, AND RENEWED MOTION FOR RETURN OF PROPERTY

I.    **Introduction/Procedural History**

This is an action for willful copyright infringement under federal copyright law, and injunctive relief under the All Writs Act,[1] one of a series of related cases before this Court, against numerous Defendants, the vast majority of which are Chinese corporations, who have been found by this Court to have engaged in counterfeiting of the "BACON BIN" kitchen product for storing and disposing of bacon grease.   The BACON BIN was trademarked by original Plaintiff, Talisman Designs, LLC in related cases, and the brand family of Talisman Designs was acquired by current Plaintiff, Nifty Home Products, Inc.  Doc. 1. (See also, related cases, 20-cv-1084, 21-cv-121, 21-cv-777).

The uncontroverted factual allegations of this case (and related litigation) reveal that Defendants willfully infringed and sold "knock-off" products on internet-based marketplaces, AliExpress.com, Amazon.com, eBay.com, Walmart.com and Wish.com, among others, targeting

---

[1] 17 U.S. C. Section 501 *et. seq.*, and 28 U.S.C. Section 1651.

consumers nationwide, including within the Western District of Pennsylvania, in violation of federal copyright (and trademark) laws.  A Permanent Injunction, Default, and Default Judgment were previously entered against Moving Defendants.[2]

This action, which has been referred to locally as a "Schedule A" case, is just shy of four (4) years old, and has a long procedural history, including an appeal of the prior entry of default judgment before the United States Court of Appeals for the Third Circuit.  Because nearly all of the Defendants failed to participate in this case or enter an appearance, which is traditionally the situation in the Schedule A cases that this Court has handled, Plaintiff previously moved for, and this Court granted default and default judgment and entered injunctive relief, and months later, Defendants appeared and sought the lift the Default Judgment..

Following the Court's prior entry of Default Judgment, two groups of Defendants appealed the entry thereof, arguing that it had been entered without one group of Defendants having received the seven-days prior notice of the default judgment, and that they did not admit the amount of damages that Plaintiff sought in its Complaint.  The second group of Defendants argued that they should have the opportunity to present the defense of lack of personal jurisdiction.  The Court of Appeals for the Third Circuit agreed and vacated only the Default

---

[2] The Court of Appeals refers to Defendants individually as the 23-cv-1332 and 23-cv-2028 Defendants, and this Court collectively names them as "Moving Defendants," "Defendants" or Group 1 and Group 2 Defendants, since there are two pending Motions before this Court at this time, albeit both motions are filed by the "Shenzen" Defendants (Doc. 195 and Doc. 197).The "Shenzen" Defendants are: SHENZHENSHIMEIHUIDAWANGLUOKEJIYOUXIANGONGSI, SHENZHEN WEITIAN INDUSTRIAL CO., LTD., SHENZHEN XIAOYANZIFEI NETWORK TECHNOLOGY CO., LTD., QINGTIAN DIAOCHENG TRADING CO., LTD., SHENZHEN RONGXINER NETWORK TECHNOLOGY CO., LTD., DING, XIAMEN SHI AIDEMAN XINXIKEJI YOUXIAN GONGSI, SHENZHEN LINGLANGXI NETWORK TECHNOLOGY CO., LTD., SHANGHAI LEIYUAN ENERGY TECHNOLOGY CO., LTD., SHENZHEN DALI INDUSTRY CO., LTD., SHENZHEN RUIMIAOQIAN NETWORK TECHNOLOGY CO., LTD.

Judgment and remanded for this Court to analyze the arguably "colorable defense" of personal jurisdiction, and to readdress the issue of damages.

Pursuant to the Order of the Court of Appeals for the Third Circuit and upon remand to this Court (at doc. no. 121), the Default Judgments entered against the two sets of Defendants were vacated by this Court on April 28, 2025. After extensive oral argument at the status conference on April 29, 2025, the Court entered a Case Management Order for the Court and the parties to resolve the open issues of whether there exists a meritorious defense (lack of personal jurisdiction), and what is the proper measure of damages. The issue of lack of notice prior to entering default judgment that was the subject of reversal by the Court of Appeals for the Third Circuit has been mooted since the remaining parties are now all engaged in the case through counsel and the pending Renewed Motion for Default Judgment has been on the docket for almost three (3) months.

It has been almost a year since the parties have returned from the Third Circuit, and the "zoom" mediation of this matter failed, there have been numerous misstarts, including failed motions seeking to have the "property" of Defendants returned, to have the Default lifted, more appearances and withdrawals of local and lead counsel by Defendants, and some admittedly belated filings by Plaintiff's lead counsel, following the departure of prior lead counsel. Remarkably, Defendants have retained and then withdrawn six (6) out of eight (8) lead attorneys and local counsel, and Plaintiff's prior lead counsel has recently also changed in this case, which has made for a confusing and often muddled pleadings and motions practice, with missed deadlines and numerous confusing filings.

There are now pending four (4) motions for resolution by this Court: a second Motion to Dismiss for Lack of Prosecution by the Shenzen Defendants (doc. 195), a Renewed Motion for

Return of Property.by the Shenzen Defendants (doc. 197), Plaintiff's Renewed Motion for Default Judgment, and an attached Motion for Permanent Injunction (doc. 223).  Because the Renewed Motion for Default Judgment is critical to the resolution of the issues outlined by the Court of Appeals, the Court will analyze this Motion first, with the related jurisdictional analysis.

## II.   Discussion

### Renewed Motion for Default Judgment (Doc. 223)

Prior to the appeal, two groups of Defendants previously moved to vacate the default judgment entered against them, and this Court denied those motions.  These Defendants then appealed the denial of their motion to vacate the default judgment against them, with one group contending that they did not receive the seven-days notice prior to entry of default judgment, and that they did not admit the amount of damages that Plaintiff sought in its Complaint.  The second group argued that they should have the opportunity to advance a potentially colorable defense that this Court lack personal jurisdiction over them. Pursuant to the Mandate of the United States Court of Appeals for the Third Circuit, this Court ordered discovery on jurisdiction and any other colorable defense.

Plaintiff's Renewed Motion for Default Judgment under Fed. R. Civ. P. 55(b)(2) seeks a default judgment against the defaulting Defendants and an award of statutory damages against each defaulting Defendant for its copyright infringement.  Since this Motion has been pending for close to three months (filed on February 2, 2026), the issue of the Court's waiting period of seven days before ruling on this motion is now moot.

In Plaintiff's Renewed Motion for Default Judgment, it proactively raises the issues of damages and personal jurisdiction, without so much as a corresponding Motion by Defendants.

4

While Defendants argue that the case should be dismissed because this Court lack personal jurisdiction over them in their responsive briefs, citing Plaintiff's late response to request for admissions regarding the issue of sales, Plaintiff contends that personal jurisdiction is authorized by Fed. R. Civ. P. 4(k)(2), where, as here, Defendant admits to conducting business across the United States but claims not to target business in any particular state.  This Court disagrees with Defendants, and agrees with Plaintiff that personal jurisdiction has been established.

### Personal Jurisdiction Is Not Lacking

The Court previously conducted an analysis of personal jurisdiction in this case and repeats some portions of its analysis herein.  The United States Court of Appeals for the Third Circuit has not yet considered specific personal jurisdiction arguments in the context of an online infringement case, but the majority of other courts to have done so, have ruled that jurisdiction exists.  In *NBA Properties, Inc. v. HANWJH*, the Court of Appeals for the Seventh Circuit affirmed the District Court's conclusion that it properly maintained specific jurisdiction over a non-resident Defendant, finding that by offering and shipping its product (even on a "test buy") it availed itself of the Illinois market in offering and shipping a product to the forum." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 627 (7th Cir. 2021), *cert den.* 143 S. Ct. 577 (Mem), 214 L. Ed. 2d 341 (2023).

Similarly, in the related case of *Dasani,* No. 20-cv-1084, slip op., p. 2 (W.D. Pa. Oct. 13, 2020), this Court denied a Motion to Vacate the Clerk's entry of Default, *inter alia*, based on lack of personal jurisdiction and improper e-mail service and identified the three-part test to determine personal jurisdiction as set forth in *Budget Blinds, Inc. v. White*, 536 F. 3d 244 (3d Cir. 2008).  To wit: (1) the nonresident defendant must do some act or consummate some transaction

with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum related activities; and, (3) exercise of jurisdiction must be reasonable. *Id.* (citing *White*).

In *Dasani*, as well as recent caselaw from the United States Court of Appeals for the Seventh Circuit, this Court has previously held that commerce over the internet supports the Court's personal jurisdiction over a China-based infringer even with no presence in the United States. *Id.* (citing *Curry v. Revolution Labs, LLC*, 949 F. 3d 385, 399 (7th Cir. 2020)); *HANWJH*, 46 F.4th 614 (7th Cir. 2021). Here, like *Dasani*, the uncontroverted evidence demonstrates that each of the Moving Defendants purposefully offered for sale, collected and paid sales tax,[3] through online payment processing, and sold and shipped their infringing products to United States residents, including a Pennsylvania resident.

Accordingly, this Court maintains personal jurisdiction over the Group 2 Defendants. *Id.* (citing *Plixer Int'l v. Scrutinizer GmbH*, 905 F. 3d 1, 5 (1st Cir. 2018)). Defendants used the Walmart.com online platform to conduct their illegal businesses. Doc. 12; Doc. 110-10. As emphasized by Plaintiff, as noted above, the Seventh Circuit Court of Appeals has ruled that a "test buy" from an Amazon store into the judicial district is sufficient to confer personal jurisdiction on the Court. *See HANWJH* at 627.

This Court reiterates its words from *Dasani*, while citing the prior decisions of its colleagues in the Western District, that sellers on Amazon, Aliexpress, Walmart, and eBay "may

---

[3] In Moving Defendants numerous Declarations, each Declarant states that the "store has never been liable to Pennsylvania tax jurisdiction." Doc. 105-1 through Doc.105-23. In fact, record documentary evidence shows that Moving Defendants collected Pennsylvania sales tax at all points of sale. Doc. 110-8; Doc. 12-5.

6

not avoid personal jurisdiction by this Court on the basis that the Great Wall of China renders the district court without jurisdiction to protect brand owners from counterfeit products like this." *Dasani*, p. 4 (citing Western District of Pennsylvania cases exercising jurisdiction over various on-line sellers).

This Court also repeats as it previously held in *Dasani,* that the Group 2 China-based Defendants are also subject to personal jurisdiction under Fed. C. Civ. P. 4(k)(2) if: (1) the claims are based in federal law; (2) no state court could exercise jurisdiction over the defendants (3) the exercise of jurisdiction is consistent with the laws of the United States, and (4) is also consistent with the Constitution. This provision has been applied to prevent foreign patent infringer Defendants whose contacts with any particular state were not sufficient, from escaping personal jurisdiction. *Sythes v. GMReis*, 563 F.3d 1285 (Fed. Cir. 2009).

Applying Rule 4(k)(2) to the facts of this case, as Plaintiff contends, and this Court agrees, first of all, the Complaint in this case asserts claims against Defendants under the Copyright Act, a federal law. Second, if Defendants are not subject to specific jurisdiction in Pennsylvania, they would not be subject to specific jurisdiction in any other state because they are foreign companies selling their products across the United States through online platforms. And third, because these platforms generically target sales across the United States rather than sales in any one particular state, use of the platforms establishes purposeful availment of the privilege of conducting business activities within the United States, thereby establishing the personal jurisdiction under Rule 4(k)(2). *See, e.g*. *Shu v. Grand Di*, 24-cv-01643 (doc. 62 at fn3) (W.D. Pa. April 11, 2025)(applying Rule 4(k)(2) to a defendant selling products on Amazon). The Court disagrees with Defendants that Rule 4(k)(2) simply permits Defendants to pick their forum state – here, they argue for Arkansas where Walmart is headquartered.

Personal Jurisdiction is also authorized by the Due Process Clause of the United States Constitution.  In order to be subject to specific jurisdiction, it is axiomatic that Defendant must have "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co., v. Washington*, 326 U.S. 310, 316 (1945).  In evaluating whether a Defendant has sufficient minimum contacts, Courts look to whether Defendant engaged in some behavior demonstrating purposeful availment of the privilege of conducting activities within the forum state, therefore show that Defendant deliberately reached by, for example, 'exploiting a market' in the forum state.  *Ford Motor Co.,* 592 U.S. at 359.  The claim must also "arise out of or relate to" Defendant's contact in the forum state.  *Id.*

Plaintiff is asserting copyright infringement against the Defendants.  The actions that Plaintiff alleges constitute that infringement are the displaying, offering for sale, selling and shipping the infringing products.  Doc. 2 at paragraphs 22, 32, 36, 38 40, 43, 60 and 62.  According to the Odell Declaration, each of the Defaulting Defendants has displayed products bearing an infringing design in Pennsylvania, each has offered to sell products bearing this design in Pennsylvania, each has accepted an order from a Pennsylvania consumer, each has delivered that order to a Pennsylvania address and has accepted payment from a Pennsylvania resident, and each has collected sales tax and has remitted sales tax to the Commonwealth of Pennsylvania.  Doc. 12 paragraphs 3 and 12-1 through 12-5).

During the lengthy pendency of this case, although the Court of Appeals for the Third Circuit has not yet definitively spoken on this issue, four (4) other Courts of Appeal have done so, and all have ruled that personal jurisdiction exists over online sellers who sell infringing products to customers in the forum state.  *American Girl, LLC v. Zembrka*, 118 F.4th 271 (2d Cir.

8

2024), *cert. denied*, 145 S.Ct. 1130 (2025); *Herbal Brands, Inc. v. Photoplaza*, *Inc*., 72 F.4th 1085(9th Cir. 2023); *NBA Props v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), 143 S. Ct. 577 (2023), and *Louis Vitton Mallertier, S.A. v. Mosseri*, 736 F.3d 1339 (9th Cir. 2013).

Moreover, the fact that the documented sales related to test buys, that is, purchases made by representatives of Plaintiff, does not bear negatively on the personal jurisdictional analysis. The *American Girl*, *Herbal Brands* and *NBA Props* cases cited above reject the argument that a test buy does not support personal jurisdiction.

Additionally, at least one esteemed colleague of this Court has rejected this same argument.  In *DeSousa v. Moonbay*, No. 24-cv-1518 at 3-4 (W.D. Pa. May 5, 2025), the Honorable William S. Stickman stated that "Plaintiff's evidence. . . was that [Defendant] sold at least one of the infringing items into Pennsylvania and it was received an examined by Plaintiffs as part of the pre-filing investigation of the lawsuit.  Record evidence exists that [Defendant] purposefully availed himself of conducting business activity in the Western District of Pennsylvania.  [Defendant] made an actual, documented sale to the Western District of Pennsylvania. The Court remains convinced that [Defendant] is subject to the Court's specific personal jurisdiction." *See also, Zhang. V AAGGO,* No. 25-85, 2025 WL 1158909, at *3 (W.D. Pa. Apr. 21, 2025) (Stickman, J.) ("While courts in this circuit have not coalesced around a consensus view, the Court concurs with its sister courts finding that personal jurisdiction will not attach absent any evidence of actual sales to the forum state." (emphasis original))

Defendant takes the opposite position and states as follows:

> Courts in this district have repeatedly held that a defendant operating an interactive website along with evidence of a sale within the forum state that is 'orchestrated' by the plaintiff is insufficient to establish specific personal jurisdiction. *Murphy v. Humboldt Clothing Co*., 2021 WL 307541 at *4 (W.D. Pa. Jan. 29, 2021) ("a sale within the forum state that is 'orchestrated' by the plaintiff for the purpose of litigation does not show the type of 'purposeful

availment' that is necessary for the existence of personal jurisdiction."); *Mon Aimee Chocolat, Inc. v. Tushiya*, LLC, 2015 WL 2232270 at *4-5 (W.D. Pa. May 12, 2015) (finding no personal jurisdiction where defendant operated interactive website and plaintiff's counsel placed order for allegedly infringing product); *Forcel Media Limited v. DecYI,* 2025 WL 1665586 at *2 (W.D. Pa. June 12, 2025) (*citing Nifty Home Prods. Inc. v. Ladynana* US, 2024 WL 4987245 at *3 (3d Cir. 2024) ("If [plaintiff] or its counsel or agents simply ordered these products to create personal jurisdiction, that doesn't work").

Doc. 234 at 3.

Although there is a split within the District Court for the Western District of Pennsylvania, the Court follows its sister appellate courts to have addressed this issue and finds that an actual sale made, and received in the Western District of Pennsylvania, is sufficient to show purposeful availment of Defendants conducting business activity in this Commonwealth.

For these reasons, all parts of the test to maintain personal jurisdiction in this Court have been met as to Defendants.  Defendants have conducted business in this Commonwealth, have purposefully availed themselves of conducting business activity in the Western District of Pennsylvania, and have made an actual, documented sale to the Western District of Pennsylvania, additionally Rule 4(k)(2) favors a finding of personal jurisdiction.  The Court sees no unfairness in subjecting Defendants to this jurisdiction given that they structured their online storefronts to serve consumers across the nation, if not the globe, including Pennsylvania. *Shu v. Grand Di*, 24-cv-1643 (W.D.Pa. April 11, 2025)(doc. 62, fn 3).

### **Default Will Not Be Lifted**

Oddly, and perhaps a result of the latest procedural confusion created by the change of counsel of Defendants, neither group of the Moving Defendant have filed a renewed Motion to Set Aside the Default, nor have they filed any Motions to Dismiss for lack of jurisdiction or for any other reason, as this Court had anticipated based upon the discussions at the Case

10

Management Conference and the ensuing Case Management Order.  The Court notes that Defendants have simply responded to Plaintiff's Motions, and this is an inappropriate vehicle for Defendants to request for dismissal for lack of personal jurisdiction. FED. R. CIV. P. 7 ("A request for a court order must be made by motion.").

Although not raised at this time by Defendants as a proper Motion to Set Aside the Default (which was instead filed after the case management conference),[4] the Court will nonetheless address this issue in accordance with the Opinion and Order of the United States Court of Appeals.

As the Court of Appeals for the Third Circuit noted "[w]e require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1)" which are: "(1)

---

[4] The text of the Court's July 7, 2025 Order at that time is as follows (doc. 176):

Pending before this Court is the "First" Motion for Reconsideration (doc. 164) filed by "Certain Defendants," seeking this Court to vacate the Clerk's entry of default entered against them.  Contrary to these "Certain Defendants" position, upon appeal, the United States Court of Appeals for the Third Circuit lifted the default judgment, but the issue of whether the default (as opposed to the default judgment) should be lifted or vacated, was not properly before the United States Court of Appeals for the Third Circuit.  Indeed, "the Statement of Issues on Appeal," by "Certain Defendants," in their briefs before the Court of Appeals was as follows:  "Whether the district court committed an error of law, and thereby abused its discretion, in entering default judgment in violation of the seven-day notice provision of Fed. R. Civ. P. 55(b)(2), in a case in which counsel for defendants-appellants had appeared, damages could not be deemed admitted merely because they were alleged in plaintiff's complaint, and the injunctive relief awarded was expressly based in part on claims that plaintiff's complained failed to assert in violation of Fed. R. Civ. P. 54(c)." (doc. 175).  **Nonetheless, the Court, after extensive discussion and with input from the parties at the ICMC, set forth an orderly process for the parties to conduct limited discovery on their alleged colorable defenses, and jurisdictional issues (doc. 163) and to address those issues through the filing of motions thereon.**  Under the applicable standard of review on a Motion to Reconsider, "Certain Defendants" present no errors of law or fact, changes in controlling law, or new evidence necessary to justify the relief requested at this time.  *Max's Seafood ex rel. Lou-Ann Inc. v. Quinteros,* 176 F.3d 669 (3d Cir. 1999).  Accordingly, the Court hereby DENIES "Certain Defendants'" First Motion for Reconsideration (doc. 164) (emphasis added).

whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." [Doc. 122-2 pgs. 8-9], citing, *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984).  Contrary to the position of Defendants, if the Court of Appeals for the Third Circuit had intended to lift the default, it would have explicitly done so.  At least one possible reason it did not, was because no one asked it to do so.

In light of the Court of Appeals directives, this Court entered an Order lifting the default judgment and the Court allowed the parties to conduct discovery on alleged "colorable defenses," and jurisdictional issues with a plan for Motions to Dismiss/for Summary Judgment following this discovery.

At least one other colleague has found that lack of personal jurisdiction is not a "complete defense," and in any event, Defendants never attached a proposed Answer to the Complaint to any of the many filings it has made. The Court in *DeSousa* specifically explained that the failure to attach a proposed Answer can impact a Court's ability to assess a defense.  At no point have any of the Defendants attached or asked to attach an Answer to the Complaint in their Motions to Vacate the Default, nor have they filed a Motion to Dismiss for lack of jurisdiction and for any other reason on the merits.

Having still resolved the threshold question (whether personal jurisdiction exists) in favor of Plaintiff, and the Court of Appeals having surmised and concluded that factor one does not favor Plaintiff, the Court finds, just as it did in the prior ruling, that factor three favors Plaintiff. Nonetheless, the Court finds even if factors one and three were neutral pursuant to Fed. R. Civ. P 55, Defendants have failed to even establish a defense to the Complaint and personal jurisdiction has been established, this time after having more fully considered and analyzed Rule 4(k)(2).  In

12

fact, no defense on the merits has been set forth or even discussed by Defendants.  No proposed Answer has been filed.

If this Court were to lift the default, which would be outside of the authority of the remand because that issue was not even before the Court of Appeals, this is a clear and unrebutted case of infringement, where Defendants have pursued no colorable defense on the merits and have not availed themselves of the mechanism to bring their alleged defense to this Court in a properly filed Motion to Dismiss for lack of personal jurisdiction (instead arguing the issue in the context of a response to Plaintiff's Renewed Motion for Default Judgment)..

Because jurisdiction exists, no motion to dismiss was filed, and no other defense has been offered by Defendants, despite a schedule to do so, the Court will not lift the Default pursuant to Fed. R. Civ. P. 55 because factor two has not been met.

### Motion for Permanent Injunction (Doc. 223)

Plaintiff has handily established its right to a permanent injunction under the four factors considered in *Shields v. Zuccarini* for injunctions under 17 U.S.C § 502(a). 254 F.3d 476, 482 (3d Cir. 2001). Plaintiff relies on its earlier briefing on its right to injunctive relief, which remains unchallenged.

As Plaintiff emphasizes, and this Court agrees, permanent injunctions are routinely entered by courts and default judgments entered in similar online copyright infringement cases. For example, a permanent injunction was entered as part of the default judgment in the following recent cases: *Abraham Szomor v. A Canvas Painting*, No. 25-cv-1696 (W.D. Pa. March 5, 2026) (ECF No. 57); *Lisa Audit v. Herbert Décor*, No. 25-cv-1433 (W.D. Pa. Jan. 22, 2026) (ECF No. 58); *Ian Lusang v. Fenhose*, No. 25-cv-1027 (W.D. Pa. Dec. 18, 2025) (ECF No. 49); *Lee Ann Shepard v. LUYANZHENLUHENGSHENGBAIHUODIAN*, No. 25-cv-982 (W.D. Pa. Dec. 17,

2025) (ECF No. 38); *Kelsey McNatt v. Limanjun8868*, No. 25-cv-883 (W.D. Pa. Nov. 25, 2025) (ECF No. 49); and *Jessica Crupi v. Gwndhtbl*, No. 25-cv-902 (W.D. Pa. Nov. 25, 2025) (ECF No. 45).  The Court will grant the Motion for Permanent Injunction but will hold a final ruling in abeyance pending a hearing on damages.

### Evidentiary Hearing on Damages

Finally, the Court will conduct an evidentiary hearing on damages, in conformance with the Court of Appeals for the Third Circuit's Opinion in this case. Doc. 122-2 (Court should "consider whether an evidentiary hearing may assist it in calculating damages").  The Court notes that Plaintiff now seeks statutory damages in the amount of $150,000.00 per infringing work, which is a change from its prior position.  Although other colleagues have entered orders thereon without the need for a hearing, rather than rule on the briefs, the Court will conduct a hearing at which the parties shall be present and each may present evidence/rebuttal on damages. A Hearing will be set by further Order of Court.  The parties shall submit a joint exhibit list and a list of damage witnesses by May 5, 2026, and a joint status report addressing the anticipated length of time needed for a damages hearing by May 5, 2026. The Court encourages the parties to submit Joint Stipulations where possible, to eliminate unnecessary/undisputed testimony.

### Renewed Motion to Dismiss for Lack of Prosecution (doc. 195)

Despite failing to avail themselves of arguing colorable defenses in the form of Motions to Dismiss, (See FED. R. CIV. P. 7 ("A request for a court order must be made by motion.")) The Shenzen Defendant base its most current (renewed) Motion to Dismiss for Lack of Prosecution on Plaintiff's admittedly belated filings of discovery matters.  The Court previously denied the prior Motion by Text Order on January 20, 2026 (doc. 191).

14

In determining whether to dismiss an action for failure to prosecute, courts consider the six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions other than dismissal; and (6) the meritoriousness of the claim or defense *Bush*, 2013 WL 5436952 at *1-2 (*citing In re Asbestos Prods. Liab. Litig.* (No. VI), 718 F.3d 236, 246 (3d Cir. 2013).

When evaluating the *Poulis* factors, no single factor is determinative. Id. "Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011).

Factors one, four, five and six all weigh against dismissal.  As to factor six, this is a clear case of infringement, and perhaps the reason that Defendants have never attempted to file an Answer or a proper Motion to Dismiss. Factor two, prejudice to the adversary is somewhat neutral, and factor three does weigh in favor of Defendants, because this is the second time in a short time period that Plaintiff was tardy in his discovery responses.  Defendants also never filed a motion to compel discovery, despite having a time to do so.  If Defendants were concerned with addressing the merits of this case through appropriate defenses, a Motion to Compel would have been filed.  Although again, not the subject of a motion to compel, the Court will *sua sponte* Order Plaintiff to provide outstanding discovery responses to Defendants by May 5, 2026. Its expert report appears to have been filed on the docket and therefore, Defendant's argument in that regard is moot.

III.    **Conclusion**

This case has been heavily litigated over the last four (4) years.  At the end of the day, though, Defendants have all sold and shipped infringing products into the Western District of Pennsylvania, and Defendants have presented no viable defense on the merits.  They have also not properly presented any Motion to Dismiss for lack of personal jurisdiction and this Court sides with the majority of appellate courts, and Judge Stickman, in finding that selling and receiving the product into the Western District of Pennsylvania is sufficient to establish personal jurisdiction.  Additionally, Rule 4 (k)(2) is applicable to establish jurisdiction over these foreign Defendants.   There is no good cause to lift the default in this case, and the Renewed Default Judgment will be entered.  The Shenzen Defendant's other "procedural" Motions will be DENIED (including its renewed Motion for Return of Property for the same reasons as set forth in its text order of March 31, 20226 at doc. 227).  A hearing on damages on the Renewed Motion for Permanent Injunction will occur shortly. An appropriate Order follows.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc:  All ECF Counsel of Record