IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIFTY HOME PRODUCTS, INC.,

Plaintiff,

v.

LADYNANA US, ET AL.,

Defendants.

22cv0994
ELECTRONICALLY FILED

**FINAL DEFAULT JUDGMENT AND MEMORANDUM ORDER ON PERMANENT INJUNCTION**

Upon consideration of Plaintiff's Renewed Motion for Final Default Judgment and Permanent Injunction (doc. 223) and Defendant's Motion for Reconsideration (doc. 285), and for good cause shown, it is hereby ORDERED as follows:

## I. Defaulting Defendants' Liability

The Renewed Motion for Default Judgment and for Permanent Injunction (doc. 223) is GRANTED; the Motion for Reconsideration (doc. 285) is DENIED.

Judgment is granted in favor of Plaintiff on all claims asserted against Defaulting Defendants listed on the Amended Schedule "A" hereto for the reasons set forth in the Memorandum Opinion Re: 233, Renewed Motion for Default Judgment and Motion for Permanent Injunction, and Order, Doc. 236, Doc. 237, the Accompanying Memorandum Opinion at Doc. 249, and for the reasons set forth in this Memorandum Order.

## II. Damage Awards

Because it serves the compensatory and punitive purpose of the Copyright Act's prohibitions on willful infringement and because Plaintiff has sufficiently set forth the basis for

statutory damages in its supporting papers, the Court finds that such awards are reasonable and Plaintiff is awarded statutory damages of $400,000.00 against each of the 32 remaining Defendants.

## III. Permanent Injunction

Throughout the myriad filings in this case, Plaintiff has provided ample support for the issuance of a permanent injunction, even without the default. The Court recognizes however, that even where a copyright infringement is established, Plaintiff is not automatically entitled to relief in the form of a permanent injunction.

The factors this Court must consider in granting a Permanent Injunction include whether: (1) Plaintiff has shown irreparable harm, (2) inadequacy of legal remedies, (3) balancing of the hardships, and (4) an injunction would not disserve the public interest. *T.D. Bank., N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). While the Court must consider these factors holistically, the failure to demonstrate irreparable harm or the inadequacy of legal remedies will prove fatal to the issuance of permanent injunctive relief.

In the Accompanying Opinion, albeit in the context of damages, the Court has made a case specific evidentiary analysis in order to support the grant of a permanent injunction here under *TD Bank N.A. v. Hill*, 928 F.3d 259, 282-83 (3d Cir. 2019), in that Plaintiff has shown ample evidence of irreparable harm that is causally connected to the infringement and the public interest factor as well.

Plaintiff has demonstrated through the testimony of Mr. Rose, a diversion of customers, confusion, loss of market share, a winding down of the product line, and loss of goodwill, among other things. These facts as established at the damages hearing, all go to factors one and four, irreparable harm, and the strong public interest in eliminating the

infringement. As for factors two and three, although the Court notes that the storefronts have been shut down for years while this litigation is pending, given the conduct of the parties in this litigation, pursuant to 17 U.S.C. Section 502(a), the Court finds if it were not to issue this Permanent Injunction, the storefronts could then be reopened, and Defendants could continue their business model of willful infringement causing even more destruction of Plaintiff's copyrights, further harm and confusion. Therefore, the purely legal/monetary remedy is inadequate and a balancing of the hardship also weighs in Plaintiff's favor. Given the manner in which this litigation has meandered with the goal of delay, and the number of lawsuits filed/pending against these Defendants, looking at this case and the factors holistically, the Court has serious concerns that if it were decline to grant the permanent injunction, the parties would find themselves back in Court within a matter of months. The balance of the hardships comparison against the burden that the injunction would impose on Defendants also weighs in Plaintiff's favor. For these reasons, and for the reasons set forth in the Accompanying Memorandum Opinion:

A. IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

(1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products, using Plaintiff's copyrighted works (including the copyrighted Pig Face Sculpture) in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which

use Plaintiff's copyrighted works;

(2) directly or indirectly infringing in any manner any of the Plaintiff's copyrights;

(3) using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's copyrighted works in connection with any goods or services not authorized by Plaintiff;

(4) using any of Plaintiff's copyrighted works including, without limitation, the Plaintiff's Works,[1] or any other photographs or artwork that are confusing or substantially similar to the Plaintiff's Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

---

[1] Plaintiff's Works are those works that are protected by U.S. Copyright Registration Nos. VA 2-214-107 for "Talisman Designs Website Photographs," and VA 2-218-985 for "Pig Face," a sculpture.

(5) engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

(6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets"); and

(7) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

---

2 "User Accounts" are any and all accounts with the online marketplace platforms Amazon.com, eBay.com, Aliexpress.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

3 "Merchant Storefronts" are any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

B. IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 503(b), the Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of the Defaulting Defendants that infringe any of Plaintiff's copyrights including, without limitation, the Plaintiff's Works, or bear any marks, photographs, and/or artwork that are confusingly similar or substantially similar to the Plaintiff's Works.

C. IT IS FURTHER ORDERED that Third Party Service Providers[4] and Financial Institutions[5] are permanently enjoined and restrained from:

secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to financial accounts associated with or utilized by any Defaulting Defendant or any Defaulting Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Financial Accounts").

D. IT IS FURTHER ORDERED that the Third Party Service Providers and Financial Institutions shall be permanently restrained and enjoined from engaging in any of the following acts or omissions:

providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and

---

4 Third Party Service Providers are any third-party providing services in connection with any Defaulting Defendant and/or any Defaulting Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third-party processors and other payment processing services, shippers, domain name registrars and domain name registries.

5 Financial Institutions are any banks, financial institutions, credit card companies and payment processing agencies, such as AliPay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, Walmart Pay, and PayPal, Inc. d/b/a paypal.com ("PayPal"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defaulting Defendant.

Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's copyrights.

## III. **Follow-Up Requests**

IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request:

(1) Amazon shall be restrained and enjoined, from processing payments for any products listed under the following Amazon Standard Identification Numbers (ASINs): B07DW6MZWL (red BACON BIN®), B07F1F6RQH (pink BACON BIN®), (B07HJX4646 –red twin pack BACON BIN®), and B07HJSB44L (red BACON BIN® with a hot pad), by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized sellers;

(2) Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall place the following Amazon Standard Identification Numbers (ASINs) B07DW6MZWL (red BACON BIN®), B07F1F6RQH (pink BACON BIN®), (B07HJX4646 –red twin pack BACON BIN®), and B07HJSB44L (red BACON BIN® wih a hot pad) into Amazon's gating program, so that Plaintiff will be able to control which sellers list product under these ASINs;

(3) Upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall remove listingsand/or advertisements for any product that Plaintiff identifies as unfairly competing with Plaintiff's Product (i.e., preventing a seller from listing for sale under the identified ASINs); and

(4) Plaintiff's Work, its Pig Face Sculpture, is registered as U.S. Copyright VA 2-218-985 and is reproduced below:



Consequently, all online marketplaces, including but not limited to Amazon.com, eBay.com, aliexpress.com, Walmart.com, and Wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and all product listings identified by Plaintiff as either displaying an identical or substantially similar product to copyrighted sculpture, whether sold by the Defendants or other persons or entities; however, the Seller controlling such listings shall not be subject to financial account restraint.

**IV. <u>Post-Judgment Asset Transfer and Asset Freeze Order</u>**

A. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 17 U.S.C. § 502(a), and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Assets from Defaulting Defendants'

Financial Accounts that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen Accounts"), are, to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant. Those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff by Financial Institution(s) through Plaintiff's counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff, by the Financial Institution(s), through Plaintiff's counsel forthwith.

B. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order

continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

C. IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order:

1. until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

2. upon notice of this Order, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial

Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

3. no later than after twenty (20) business days following the service of this Order on Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiff a breakdown reflecting: the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiff.

## V. Miscellaneous Relief

A. Upon Plaintiff's request, the Third Party Service Provider(s) or Financial Institution(s) shall disable and/or cease facilitating access to the Seller IDs, including tombstoning, deleting, and/or suspending identified ASINs, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

B. The Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by the

Defendants in connection with the Defendants' promotion, offering for sale, and/or sale of Infringing Products;

C. Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products, including but not limited to Amazon.com, Inc. and its affiliates, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, Context Logic, Inc. d/b/a Wish.com, Walmart.com, eBay Inc., and Etsy, Inc., shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff;

D. Any failure by Defendants to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

E. Interest from the date of this action was filed shall accrue at the legal rate pursuant to 28 U.S.C § 1961;

F. The bond posted by Plaintiff in the amount of $5,000.00 is hereby discharged; and

G. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

H. THE CLERK SHALL MARK THE DOCKET CLOSED.

**SO ORDERED, this 2nd day of October, 2026**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All ECF Counsel of Record

**Amended Schedule "A" Defendants with Store Name and Seller ID**

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 25 | Shenzhen Ruimiaoqian Network Technology Co., Ltd. | 101042489 |
| 26 | Qingtian Diaocheng Trading Co., Ltd. | 101044606 |
| 28 | Ding | 101043408 |
| 29 | shenzhenshimeihuidawangluokejiyouxiangongsi | 101044684 |
| 30 | XiaMen Shi AiDeMan XinXiKeJi YouXian GongSi | 101097216 |
| 31 | Shenzhen Xiaoyanzifei Network Technology Co., Ltd. | 101044616 |
| 32 | Shanghai Leiyuan Energy Technology Co., Ltd. | 101043436 |
| 34 | Shenzhen Rongxiner Network Technology Co., Ltd. | 101044636 |
| 35 | Nafxzy | 101126933 |
| 36 | Yszood | 101123894 |
| 37 | Shenzhen Linglangxi Network Technology Co., Ltd. | 101043449 |
| 39 | Quintina | 101133724 |
| 40 | Fortioo | 101106758 |
| 41 | Peysaitr | 101081411 |
| 42 | Miruku | 101176344 |
| 43 | Brandslc | 101135333 |
| 44 | Smileol | 101113032 |
| 45 | Mafanikio | 101075547 |
| 46 | Peantoia | 101115754 |
| 47 | Heopbird | 101172802 |
| 48 | Xmaster | 101173591 |
| 49 | Gyuunyuu | 101174064 |
| 51 | Donewelo | 101136693 |
| 52 | Shenzhen Weitian Industrial Co., Ltd. | 101043398 |
| 53 | Brottfor | 101085758 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 54 | Shenzhen Dali Industry Co., Ltd. | 101043434 |
| 58 | Vadunsuz | 101131395 |
| 59 | Merzam | 101136588 |
| 61 | Ineticiam | 101178451 |
| 62 | Rykwurde | 101177806 |
| 63 | Blirik | 101175999 |
| 64 | Comdar | 101173377 |